**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY TUKAY, | No. 16-15388 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-04343-JST |
| v. | |
| UNITED AIRLINES, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted January 8, 2018[**]
San Francisco, California

Before:  WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Plaintiff-Appellant Henry Tukay (Tukay) appeals from the district court's

order granting summary judgment in favor of Defendant-Appellee United Airlines,

Inc. (United) on Tukay's claims of discrimination, retaliation, and wrongful

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

termination. United terminated Tukay after an internal investigation revealed that Tukay had vandalized another employee's vehicle. We review the district court's grant of summary judgment *de novo*, and we affirm. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 685 (9th Cir. 2017).

Under the *McDonnell Douglas*[1] burden-shifting framework, a complainant bringing a disparate treatment action under Title VII must demonstrate a *prima facie* case by "offer[ing] evidence that gives rise to an inference of unlawful discrimination." *Id.* at 690 (citation, alteration, and internal quotation marks omitted). Such inference will arise when the plaintiff establishes four elements: "(1) the plaintiff belongs to a protected class, (2) he was performing according to his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees were treated more favorably. . . ." *Id.* at 691.

Tukay failed to identify any similarly-situated employees enjoying more favorable treatment, or other circumstances suggesting that racial discrimination motivated United's decision to terminate him. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004), *as amended* ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct. . . .") (footnote

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

reference omitted). Although Tukay overheard a former supervisor make an isolated discriminatory remark, Tukay's failure to "show a nexus between [the] discriminatory remark[] and [United's] subsequent employment decisions" renders this evidence insufficient to make the required showing for a *prima facie* case of discrimination. *Id.* at 640 (footnote reference omitted).

Similarly, Tukay has not demonstrated a *prima facie* case of unlawful retaliation. To prevail on a claim for retaliation, Tukay must establish that he engaged in a protected activity, United thereafter "subjected him to an adverse employment action," and a causal link existed between the protected activity and the adverse employment action. *Id.* at 646 (footnote reference omitted). Although Tukay properly identified his termination as an adverse employment action, his failure to establish any causal link between his engagement in protected activity and subsequent termination is fatal to his claim for relief. *See id.*

Tukay's wrongful termination claim—based on the same facts as his discrimination and retaliation claims—necessarily fails. *See Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017).

**AFFIRMED.**

3